IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

v.                                                                                          CASE NO. 1:02-cr-00045-MP-AK

CRAIG CHARLES BOLLES,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

This matter is before the Court on Doc. 138, Motion to Vacate under 28 U.S.C. § 2255, by Craig Charles Bolles. Defendant is represented by counsel. The Government has filed its response, Doc. 142, and the time for reply having long since expired without Defendant's filing of additional argument, this cause is in a posture for decision. Having carefully considered the matter, the Court recommends that the motion to vacate be granted to the extent that he seeks to appeal his sentence.

Defendant and others were indicted for conspiracy to distribute and to possess with intent to distribute more than 5 kilograms of cocaine and a quantity of 3,4-Methylenedioxymethamphetamine, commonly known as MDMA, Ecstasy, and X. Doc. 1. Defendant pled guilty to the MDMA part of the charges, and the Government dismissed the cocaine charge. Docs. 76 & 77. Defendant was represented by retained counsel, Lee A. Cohn. Defendant was subsequently sentenced to 170 months imprisonment, Doc. 110, and he filed his

notice of appeal on December 4, 2003, and paid the filing fee. Doc. 111. The Clerk transmitted the appeal to the Eleventh Circuit. Doc. 116. On December 22, 2003, the Clerk of the Eleventh Circuit sent Mr. Cohn a letter advising him that the appeal would be dismissed without further notice within 14 days unless Defendant filed a Transcript Information Form as required by the Federal Rules of Appellate Procedure. Doc. 118. On January 13, 2004, the Clerk of the Eleventh Circuit sent Cohn a second letter advising, "Pursuant to Eleventh Circuit Rule 42-1(b) you are hereby notified that upon expiration of fourteen (14) days from this date, **this appeal will be dismissed by the clerk without further notice** unless the default(s) noted below have been corrected: File a Transcript Information Form...." Doc. 120 (emphasis in original). An identical letter was sent to counsel on February 3, 2004. Doc. 122. On February 25, 2004, the appeal was dismissed for failure to prosecute. Doc. 125.

Defendant, acting *pro se*, subsequently requested that the Court provide him with copies of the transcripts at no charge. Doc. 130. The Court denied the motion because the time to appeal had expired, and Defendant could not re-file the appeal. Doc. 131.

The instant motion to vacate ensued. On this occasion, Defendant complains, in part, that his counsel was ineffective for allowing his appeal to be dismissed for failure to prosecute. In response, the Government maintains that this claim is without merit because Defendant cannot establish that he was prejudiced by counsel's actions since he has failed "to state what issue his attorney should have appealed, let alone establish an issue with merit." Doc. 142 at 7-8.

In this Court's opinion, the issue of counsel's failure to prosecute the appeal is governed by *Roe v. Flores-Ortega*, 528 U.S. 470 (2000). In *Flores-Ortega*, the Court reiterated that it had "long held that a lawyer who disregards specific instructions from the defendant to file a notice

*Case No: 1:02-cr-00045-MP-AK*

of appeal acts in a manner that is professionally unreasonable." *Id*. at 477. "This is so because a defendant who instructs counsel to initiate an appeal reasonably relies upon counsel to file the necessary notice." *Id*.

In this case, the Court does not believe it is an unreasonable extension of that basic holding to find that when an attorney timely initiates an appeal, he acts deficiently when he allows that appeal to be dismissed for failure to prosecute. Instant Defendant obviously instructed counsel to pursue an appeal, and he then relied on him to take the steps necessary to perfect that appeal, whether, e.g., by seeking indigency status for his client post-sentencing so that the transcripts could be secured at no cost to Defendant, or by filing an *Anders* brief if he believed there were no arguable issues of merit for appeal. He should not, however, under any circumstances have allowed the appeal to be dismissed for lack of affirmative action on his part, especially when the Eleventh Circuit gave him repeated opportunities to correct the deficiencies.

The question thus becomes whether the Government is correct that Defendant must establish prejudice in this situation by showing that he had appellate issues with merit or whether prejudice is essentially presumed without any further showing because counsel's actions deprived Defendant entirely of his indisputable right to appeal. *See Rodriquez v. United States*, 395 U.S. 327, 330-31 (1969) (where defendant instructed counsel to appeal, he was entitled to new appeal without further showing of points to be raised). Having carefully considered the matter, the Court believes *Flores-Ortega* suggests the answer with its holding: "[W]hen counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal." *Id*. at 484. When Mr. Cohn ignored the Eleventh

Circuit's repeated demands that he take action on Defendant's appeal, he essentially deprived Defendant of the appeal which he believed his counsel was pursuing on his behalf. This is sufficient without any further showing to establish that Mr. Cohn rendered ineffective assistance to instant Defendant.

The appropriate remedy in this situation is an out-of-time appeal and is governed by *United States v. Phillips*, 225 F.3d 1198, 1201 (11th Cir. 2000). Because the resolution of this claim is dispositive of the motion, the other issues raised will not be addressed.

In light of the foregoing, it is respectfully **RECOMMENDED**:

That the motion to vacate, Doc. 138, be **GRANTED**;

That the Amended Judgment, Doc. 110, be **VACATED** and that the same sentence be **REIMPOSED**;

That after reimposition of that sentence, Defendant be **ADVISED** of all rights associated with an appeal and of the time for filing a notice of appeal from the reimposed sentence.

**IN CHAMBERS** at Gainesville, Florida, this 1st day of August, 2007.

> *s/ A. KORNBLUM*
> **ALLAN KORNBLUM**
> **UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**