IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,

v.   CASE NO. 1:02-cr-00045-MP-GRJ-3

CRAIG CHARLES BOLLES,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

    This matter is before the Court on Defendant's Motion for Relief from Judgment or Order.  (Doc. 193). Defendant Bolles moves the Court for relief from the final order and judgment of this Court, entered September 21, 2007, so that he may file a direct appeal of his sentence.  As directed by the Court the Government filed a Response to the motion (Doc. 195) to which the Defendant filed a Reply. (Doc. 199.) Pursuant to notice the Court conducted an evidentiary hearing on March 13, 2012 and therefore the motion is ripe for review.  For the reasons discussed below, the undersigned recommends that defendant's motion be granted.

## Discussion

    On May 5, 2003, the defendant, represented by retained counsel Lee A. Cohn, pled guilty as charged to one count of conspiracy to distribute and to possess with intent to distribute 3,4-Methylenedioxymethamphetamine, also known as "MDMA", "Ecstasy", or "X", in violation of 21 U.S.C. §§ 846 and 841(b)(J)(c).  (Doc. 76 and 77). The government dismissed the portion of count one related to cocaine distribution (docs. 76 and 77) and defendant was sentenced to 170 months imprisonment, 5 years supervised release, and a $100.00 special monetary assessment (doc. 110).

On December 4, 2003, the defendant timely filed his notice of appeal, which was dismissed several months later for failure to prosecute. (Docs. 111 and 125). Through newly retained counsel, Lloyd Vipperman, Jr., defendant filed a motion to vacate, pursuant to 28 U.S.C. § 2255, arguing, *inter alia*, ineffective assistance of counsel for allowing his appeal to be dismissed for failure to prosecute. On September 20, 2007, the Court adopted the magistrate judge's report and recommendation and granted defendant's motion to vacate. The Court's order vacated and reimposed the same sentence finding that defendant was deprived of his right to appeal, which he believed counsel was pursuing on his behalf. Thus, defendant had ten days from that date to file a new notice of appeal. Because the resolution of this claim was dispositive of the motion, the other issues raised were not addressed.

Despite being given a second opportunity, the defendant never filed a notice of appeal. More than three years later, defendant's counsel, Lloyd Vipperman, Jr., filed out-of-time objections to the magistrate judge's report and recommendation and requested a *de novo* review of the other issues raised, which the Court denied.

On September 15, 2011, the defendant wrote a letter to the Court in which he described a course of misconduct by his retained counsel, Lloyd Vipperman, Jr., causing him to miss his second opportunity to file a direct appeal. The defendant alleged in his letter that Mr. Vipperman repeatedly told both him and his father that the Court had not ruled on his 2255 motion. In May 2010, the defendant learned from another inmate that the Court had granted his 2255 motion almost three years prior. As alleged in the letter, the defendant contacted Mr. Vipperman who came to visit him in federal prison and promised to inform the Court of his error. Allegedly, Mr. Vipperman

delayed taking action for almost a year making various excuses including the magistrate judge's death, the Christmas holidays and involvement in a large trial. In April 2011, Mr. Vipperman finally filed a document on behalf of the Defendant. Rather than filing a document advising the Court that Mr. Vipperman had missed the deadline to file the notice of appeal Mr. Vipperman filed out-of-time objections to the report and recommendation. The defendant further alleges in the letter that he did not receive a copy of those objections until several months later after repeated calls to Vipperman's office. The letter also states that Mr. Vipperman failed to respond to both his and his father's inquiries throughout his representation.

The Court directed the clerk to serve copies of defendant's letter on both the government and defendant's counsel and to mail a copy of the order directly to defendant. Neither the government nor defendant's counsel responded.

Several months later, the defendant filed the instant *pro se* motion for relief from judgment ultimately seeking to file a direct appeal of his sentence. Pursuant to the Court's order, the government responded and conceded that defendant's motion does not constitute a successive habeas petition. Nevertheless, the government recommended denying the motion because it "was not filed within a 'reasonable time' and he has failed to demonstrate 'extraordinary circumstances' justifying relief from judgment pursuant to Rule 60(b)(6)." The government's response seems to ignore the defendant's factual allegations, which, if substantiated, amount to extraordinary circumstances. Moreover, the government fails to recognize that, if the defendant's allegations are true, the lengthy delay in filing his pro se motion is wholly attributable to counsel.

On March 13, 2012, the Court held an evidentiary hearing to resolve the factual issues raised by defendant. The Court appointed the Federal Public Defender's office to represent defendant at the evidentiary hearing. During the hearing Lloyd Vipperman, Jr. testified. Mr. Vipperman admitted that he had lost track of this case and not only failed to file the notice of appeal but failed to inform defendant that the Court had granted his 2255 motion. Mr. Vipperman took full responsibility for the failure to file a notice of appeal as well as the lengthy delay in defendant's addressing this issue. During the hearing, the defendant also testified and restated the matters alleged in his letter to the Court. Further, the defendant testified that he had relied upon Mr. Vipperman to provide professional representation regarding his 2255 motion and efforts to appeal his sentence.

Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, "the court may relieve a party . . . from a final judgment, order, or proceeding for . . . (6) any [ ] reason that justifies relief." Fed. R. Civ. P. 60(b). However, "relief under [Rule 60(b)(6)] is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances," and "absent such relief, an extreme and unexpected hardship will result." *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984). Even when such circumstances exist, "whether to grant the requested relief is a matter for the district court's sound discretion." *Mock v. Bell Helicopter Textron, Inc.*, 373 Fed. Appx. 989, 991 (11th Cir. 2010).

Based on both the defendant's and Mr. Vipperman's testimony, the Court finds the defendant has demonstrated exceptional circumstances that justify relief. The defendant retained Mr. Vipperman to file a 2255 motion for the sole purpose of

Case No: 1:02-cr-00045-MP-GRJ-3

pursuing an out-of-time appeal. The defendant relied on Mr. Vipperman to keep him informed about the status of that motion and if granted to take the necessary steps to pursue an appeal. Instead, Mr. Vipperman avoided defendant's telephone inquires and misrepresented the status of his motion for years. When confronted by the defendant about the motion having been granted, Mr. Vipperman promised to inform the Court of his error. Not only did Mr. Vipperman fail to inform the Court of his error but he delayed taking action for nearly a year. While the defendant diligently pursued this matter, he understandably trusted and relied upon his retained counsel's representations. As such, counsel's constitutionally deficient performance effectively deprived defendant of an appeal that he otherwise would have taken.

     Moreover, there is no question that the Defendant presented his motion for relief from judgment within a "reasonable time" as required by Rule 60(c)(1). The evidence demonstrates that the Defendant did not find out that Mr. Vipperman had failed to rectify the error until June 2011.

     During the period of time prior to June 2011 the evidence establishes that the Defendant (and his family) were diligent in contacting Mr. Vipperman to find out the status of Mr. Vipperman's efforts to correct the error he had made in failing to file an appeal. Indeed, after Mr. Vipperman conceded to the Defendant in May 2010 that Mr. Vipperman had missed the deadline to file the appeal – and then assured the Defendant that he would notify the Court of the error and seek an out of time appeal – the Defendant and his family diligently contacted Mr. Vipperman on numerous occasions but were provided with a series of excuses by Mr. Vipperman in an effort to justify the delay. Among the excuses offered by Mr. Vipperman for the delay were the

death of the magistrate judge, the holiday season and Mr. Vipperman's involvement with a trial.

After Defendant first learned in June 2011 that the Court had denied Mr. Vipperman's effort to correct the error the Defendant was placed in a different facility (without his legal documents) because of a prison disciplinary matter and was then transferred to Atlanta USP on August 8, 2011.  However, on September 19, 2011, only one month after Defendant arrived at Atlanta USP Defendant's letter directed to Judge Paul and raising the claims involved in Plaintiff's motion was filed on the docket. (Doc. 190.)[1]  The Defendant then filed on December 19, 2011 the instant motion requesting relief from the Court's prior judgment. Accordingly, the Court concludes that the Defendant acted diligently and brought the instant motion within a reasonable time.

Accordingly, for the foregoing reasons, it is respectfully **RECOMMENDED** that

1. Defendant's Motion for Relief from Judgment or Order (doc. 193) be **GRANTED**.

2. The Second Amended Judgment (doc. 178) should be VACATED, and the same sentence REIMPOSED.

3. Defendant should be advised that he has fourteen days from the date of the re-imposed sentence in which to file a notice of appeal.

**IN CHAMBERS** this 2nd  day of May 2012.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

---

[1] The letter is dated June 29, 2011 and, according to Defendant, was not received by the Court until September 2011 because the Defendant was in transit from the Elmore County Jail in Alabama to the USP-Atlanta. The letter apparently was not mailed by prison officials until after the Defendant arrived at USP Atlanta on August 8, 2011.
Case No: 1:02-cr-00045-MP-GRJ-3

## NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.